UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
LAMEL MITCHELL,                                    **NOT FOR PUBLICATION**

        Plaintiff,
                                                   **MEMORANDUM AND ORDER**
  -against-
                                                   16-CV-707 (KAM)(LB)

ONE WEST BANK, FSB, ARTHUR N.
TERRANOVA, CIT BANK N.A., DOES 1-100,
MCCABE, WEISBERG AND CONWAY, P.C.,
HOGAN LOVELLS US LLP.

        Defendants.
------------------------------------x

**MATSUMOTO, United States District Judge:**

    *Pro se* plaintiff Lamel Mitchell brings this action pursuant to 15 U.S.C. § 1692 ("§ 1692"). For the reasons stated herein, this action is dismissed for failure to prosecute and for failure to comply with the court's orders pursuant to Federal Rules of Civil Procedure 16(f), 37(b), and 41(b).

<u>**BACKGROUND**</u>

    *Pro se* plaintiff Lamel Mitchell initiated this civil action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, on February 10, 2016. (ECF No. 1.) Plaintiff filed the Amended Complaint on April 19, 2016. (ECF No. 3.) On May 13, 2016 a telephonic pre-motion conference was held on motion from defendant CIT Bank N.A. ("CIT Bank"). (*See* Minute Entry

dated May 13, 2016.)  A paralegal who identified himself as Fitz El appeared at the May 13, 2016, pre-motion conference and advised the court that plaintiff had retained attorney Emanuel F. Saris, Esq. on May 12, 2016.  (*Id.*)  The court ordered Mr. Saris to enter a Notice of Appearance if he intended to represent plaintiff in the instant action by close of business May 13, 2016.  (*Id.*)  A briefing schedule was set for CIT Bank's proposed motion to dismiss.  (*Id.*)  A copy of the May 13, 2016 Minute Entry was served on plaintiff on May 13, 2016.  (*Id.*)

On May 31, 2016, counsel for CIT Bank submitted a letter requesting permission to serve its Motion to Dismiss papers directly on plaintiff as a *pro se* party because Emanuel F. Saris had failed to appear.  (ECF No. 10.)  The court granted CIT Bank's request and ordered that plaintiff be treated as *pro se* litigant.  (Order dated June 1, 2016.)  CIT Bank served its Motion to Dismiss on plaintiff on June 2, 2016. (ECF No. 14.)  On June 30, 2016, pursuant to the court's chambers' practices and the briefing schedule set at the May 13, 2016 conference, CIT Bank filed its Motion to Dismiss.  (*See* ECF Nos. 11-16.)  In a letter accompanying its motion papers, CIT Bank informed the court that its Motion to Dismiss was unopposed by plaintiff.  (ECF No. 16.)

On July 11, 2016, defendant McCabe, Weisberg and Conway,

P.C. ("McCabe") requested a pre-motion conference. (ECF No. 18.) The court granted McCabe's request and the conference was scheduled for August 2, 2016. (Order dated July 12, 2016.) On, July 12, 2016, defendant McCabe served a copy of the court's order scheduling the pre-motion conference for August 2, 2016 on plaintiff. (ECF No. 19.)

At the August 2, 2016 conference, Robert W. Seiffert, Esq. appeared on plaintiff's behalf. (Minute Entry dated August 2, 2016.) The court ordered Mr. Seiffert to file a Notice of Appearance no later than August 3, 2016, and serve a copy of that order on plaintiff and file an affidavit of service by August 5, 2016. (*Id.*) The court also set a briefing schedule for McCabe's proposed motion to dismiss.[1] (*Id.*) Mr. Seiffert failed to comply with the court's August 2, 2016 order by not entering a Notice of Appearance.

On August 9, 2016, the court issued another order advising the parties that the court will continue to treat plaintiff as a *pro se* party because although two attorneys had indicated that they would represent plaintiff in the instant action, neither attorney had filed a Notice of Appearance. (Order

---

[1] On August 23, 2016, defendant McCabe sought an extension of time to file its Motion to Dismiss. (ECF No. 25.) The court granted defendant's request. (Order dated August 23, 2016.)

dated August 9, 2016.) The court also advised plaintiff that he was expected to adhere to the briefing schedule set during the August 2, 2016 conference. (*Id.*) The court further noted that plaintiff had been served with all previous orders, and ordered that plaintiff be served with a copy of the docket, including its August 9, 2016 order; plaintiff was served with the August 9, 2016 Order by the Clerk of Court on August 10, 2016. (*Id.*; Docket Entry dated August 10, 2016.)

On August 15, 2016, defendant Arthur N. Terranova ("Terranova") moved for a pre-motion conference; Terranova served plaintiff with his motion on August 16, 2016. (ECF Nos. 22-23.) On August 22, 2016, the court scheduled the pre-motion conference for September 1, 2016. (Order dated August 22, 2016.) Defendant Terranova filed an Affidavit of Service noting that he had served plaintiff with a copy of the court's August 22, 2016 order. (ECF No. 24.) At the September 1, 2016 conference, counsel for Mr. Terranova, David Louis Cohen, Esq., advised the Court that he had called Mr. Seiffert's office, a paralegal named Fritz, and two numbers that were associated with plaintiff, but was unable to reach either plaintiff or Mr. Seiffert. (Minute Entry dated September 1, 2016.) Mr. Cohen also advised that Mr. Seiffert had faxed him a Notice of Appearance dated August 2, 2016 that was not

4

filed, and a Stipulation of Discontinuance, signed by Mr. Seiffert but not by plaintiff. (*Id.*) During the September 1, 2016 conference, the court called Mr. Seiffert's cell and office phone numbers, the paralegal named Fritz, and plaintiff's cell phone number as listed on the docket. (*Id.*) The court spoke to the paralegal, Mr. Fritz but he did not provide the court with any useful information regarding Mr. Seiffert's representation or plaintiff's prosecution of the action. (*Id.*)

Neither Mr. Seiffert nor plaintiff answered the court's calls. (*Id.*) The court left Mr. Seiffert a voicemail and ordered the following on the docket: By September 6, 2016, Mr. Seiffert was ordered to either file a Notice of Appearance and a Status Letter, advising the court and the parties whether plaintiff intended to prosecute the action, or advise the court that he did not represent plaintiff. (*Id.*) Mr. Seiffert was also ordered to show good cause for why he should not be sanctioned for failing to follow the court's order to file his Notice of Appearance by August 3, 2013. (*Id.*) Plaintiff was also advised that failure to prosecute his action and future failures to appear either with counsel or *pro se* would cause this case to be dismissed. (*Id.*) The September 1, 2016, Minute Entry was mailed to Mr. Seiffert and to plaintiff on September 1, 2016. To date, neither Mr. Seiffert

5

nor plaintiff has contacted the Court.

## **DISCUSSION**

A plaintiff has the duty to prosecute his case diligently. *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982); *Djangmah v. Hiram*, No. 14-CV-732 (PKC)(JLC), 2015 WL 5675061, at *2 (S.D.N.Y. Sept. 25, 2015). "[A]ll litigants, including *pro ses*, have an obligation to comply with court orders," and to diligently advance their case; failure to do either may result in dismissal of the action. *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009); *Djangmah*, 2015 WL 5675061, at *2.

Rule 16(f)(1)(A) of the Federal Rules of Civil Procedure provides: "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to appear at a scheduling or other pretrial conference." One such sanction is dismissal of the complaint, Fed. R. Civ. P. 37(b)(2)(A), which "may be imposed even against a plaintiff who is proceeding *pro se*, so long asa warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994). Similarly, under Fed. R. Civ. P. 41(b), the Court may *sua sponte* dismiss an action "[i]f the plaintiff fails to prosecute or to

comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b); *see also Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Dismissal under Rules 16 and 37 requires a finding of "willfulness, bad faith, or any fault" on the part of the party failing to comply with the court's order. *See Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990) (citation omitted). "For practical purposes, courts have found that the factors to be addressed in a Rule 41(b) analysis are relevant to an analysis under 37(b), and there is little distinction between the two." *Sanders v. Does,* No. 05 Civ. 7005 (RJS), 2008 WL 2117261, at *2 (S.D.N.Y. May 15, 2008). The Rule 41(b) factors are: (1) whether the plaintiff's failure to prosecute caused a delay of significant duration; (2) whether plaintiff was given notice that further delay would result in dismissal; (3) whether defendant is likely to be prejudiced by further delay; (4) the balance between alleviating the court's calendar congestion and protecting a party's right to due process and an opportunity to be heard; and (5) the efficacy of lesser sanctions. *Lewis*, 564 F.3d at 576; *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001); *Shannon v. Gen. Elec. Co.*, 186 F.3d 186,

7

193-94 (2d Cir. 1999).

"The first factor to be examined breaks down into two parts: (1) whether the failures to prosecute were those of the plaintiff, and (2) whether these failures were of significant duration." *U.S. ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 255 (2d Cir. 2004) (citing *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001)), *vacated on other grounds*, 320 Fed. Appx. 1 (2d Cir. 2009). Here, two different attorneys have indicated that they were engaged by plaintiff to represent him in this action. However, in violation of court orders, neither attorney has appeared or taken any steps to litigate this case. Plaintiff, who received copies of this court's orders, did not appear at the conferences *pro se* as directed, nor did he otherwise comply with the briefing schedules set by the court. (*See* Minute Entries dated September 1, 2016, August 2, 2016 and May 13, 2016.) Plaintiff has caused significant delays in his case and has taken no action in his case for more than six months. (*See* Docket since August 2, 2016.) Therefore, the first factor weighs in favor of dismissal.

The second factor, whether plaintiff was given notice that further delay would result in dismissal also weighs in favor of dismissal. *Lewis*, 564 F.3d at 576; *LeSane*, 239 F.3d at 209.

8

Plaintiff was warned by the court on September 1, 2016 that his action could be dismissed if he continued to not appear at court conferences, and if he failed to prosecute the case. (Minute Entry dated September 1, 2016.) Plaintiff was therefore on notice that further inaction would lead to the dismissal of the suit. Therefore, the second factor militates in favor of dismissing this case. *See Caussade v. U.S.*, 293 F.R.D. 625, 629-30 (S.D.N.Y. 2013) ("Delays of several months have been found to warrant dismissal [under Rule 41(b)]."); *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of dismissal.").

The third factor considers whether plaintiff's failure to prosecute prejudiced the defendant. *Lewis*, 564 F.3d at 576. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionally greater." *Lyell Theatre Corp.*, 682 F.2d at 43 (internal citations omitted). The defendants have been prejudiced by plaintiff's failure to prosecute because they have expended resources to litigate an action that plaintiff apparently has abandoned. Accordingly, the third factor militates in favor of dismissal. *See Brandon O. v.*

*Woodlick*, No. 13-CV-4116 (NGG)(RML), 2014 WL 5878117, at *4 (E.D.N.Y. Nov. 12, 2014) (prejudice to defendants assumed where the action was delayed, possibly indefinitely, because plaintiff could not be contacted, and plaintiff had not provided any explanation for the delay or attempted to rebut the presumption of prejudice, and where defendants had not contributed to the delay).

The fourth factor, the balance between the court's calendar obligations, and plaintiff's due process rights and his right to be heard, militates in favor of dismissing this action. *Lewis*, 564 F.3d at 576. Plaintiff has had the opportunity to be heard and has not taken advantage of it. Plaintiff has taken no steps to litigate this action in over six months. Further, the court has expended time and resources holding conferences in this action, which plaintiff has apparently abandoned. The court has hundreds of cases to adjudicate and spending time on an action that the plaintiff no longer wishes to prosecute is an unnecessary burden on the court and is unfair to other litigants. *See Caussade*, 293 F.R.D. at 631 (finding that "it would be unfair to the numerous other litigants who await the attention of this Court to permit [plaintiff's] suit to remain on the docket" and "the balance [tipped] . . . in favor of the Court's need to reduce docket congestion" when plaintiff "[had] not been in contact with

her counsel for about five months and [had] failed to respond to requests to schedule a deposition or to correct her interrogatory responses"); *Katz v. Mogus*, No. 07 Civ. 8314(PKC)(KNF), 2009 WL 3189342, at *5 (S.D.N.Y. Oct. 6, 2009) (Even though "plaintiff's failure to comply with three scheduling orders did not impact greatly on the Court's ability to manage its docket . . . dismissal would not deny the plaintiff his due process rights, as he [never responded to the court order] to show cause why his case should not be dismissed . . . which served as sufficient notice and as an opportunity to be heard."). Accordingly, factor four militates in favor of dismissal.

As for the fifth factor, warnings are likely to be futile and undermine the court's power and process because even though plaintiff was warned that failure to comply with the court's order could lead to dismissal, plaintiff has continued his failure to comply with the court's order; nor has he taken steps to litigate this action. Accordingly, no lesser sanction than dismissal of this action would likely be effective and dismissal at this juncture is appropriate. *See McAllister v. Garrett*, No. 10-CV-03828 (LAP) (HBP), 2015 WL 1623826, at *4 (S.D.N.Y. Mar. 11, 2015) (dismissal is appropriate because of plaintiff's "historical pattern of not responding to court orders"); *Sanders*, 2008 WL

2117261, at *5 (finding that dismissal was appropriate because the court could not contact plaintiff through the contact information on the docket, and prior warnings of dismissal had proven futile).

## **CONCLUSION**

For the foregoing reasons, this action is dismissed pursuant to Fed. R. Civ. P. 16(f), 37(b), and 41(b). The Clerk of Court is respectfully directed to enter judgment for defendants, close this case, and serve a copy of this Memorandum and Order on plaintiff.

**SO ORDERED.**

Dated:   February 27, 2017
         Brooklyn, New York

_____/s/_____
Hon. Kiyo A. Matsumoto
United States District Judge